UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

INFOR MD, LLC

CASE NO. 13-cv-533-JJB-SCR

VERSUS

DOC RX, INC AND BRIAN WARD

## RULING

Before this Court are two related motions filed by Plaintiff ("InforMD"): Motion (doc. 13) to Vacate the Voluntary Dismissal with its Memorandum in Support (doc. 10-1) and Motion (doc. 14) for Evidentiary Hearing and Oral Argument regarding the former motion. All responsive briefs were considered for purposes of this ruling.

Plaintiff moves for this Court to grant the Motion due to a violation of a purported settlement agreement that led to the Rule 41 Voluntary Dismissal without Prejudice (doc. 13, at 1). Alternatively, Plaintiff asks the Court to find that the Note of Voluntary Dismissal was filed based on "a mistake or a misrepresentation to the extent that no settlement agreement was formed despite the fact that the case was dismissed on that basis." *Id*. Rule 60(b) of the Federal Rules of Civil Procedure gives courts the power to relieve a party from a final judgment, order, or proceeding. Rule 60(b) provides six grounds that may form the basis for a court to grant such relief.

## FACTUAL ALLEGATIONS

On August 14, 2013, Plaintiff filed a Complaint against Defendants, DocRX, Inc. and Brian Ward, for breach of contract, specific performance and injunctive relief, declaratory judgment, and actions in violation of the Louisiana Unfair Trade Practices Act (doc. 1). The Complaint largely concerns the "CONFIDENTIALTIY, NON-DISCLOSURE, NON-

1

COMPETITION AND NON-SOLICITATION AGREEMENT," herein referred to as the "2011 Settlement Agreement" (doc. 10-1, at 6). From the filing of the Complaint until January 24, 2014 the parties engaged in "rigorous settlement discussions" (doc. 14, at 1). On January 24th, the parties reached an agreement, deemed "January 2014 Settlement" by Plaintiff (doc. 14, at 1) and merely a "truce" by Defendant (doc. 18, at 1). As part of the agreement, Plaintiff filed the Rule 41 Notice of Voluntary Dismissal without Prejudice (doc. 9). On January 27, 2014 a letter was sent to Magistrate Judge Riedlinger to "report that the parties have reached an agreement resulting in the enclosed Notice of Voluntary Dismissal." (Doc. 10-4, Ex. B). Neither of the Defendants ever objected to the letter stating that a private resolution had been reached. Nine months after voluntary dismissing the matter in this Court, Defendant DocRX filed suit in Southern District of Alabama asserting a breach of contract claim, herein referred to as the "2014 Alabama Litigation" (doc. 10-1, at 6). The 2014 Alabama Litigation asserts a breach of contract claim that Plaintiff urges "mirrors the substance of the captioned case in the sense that the issues there [also] deal with interpretation of the 2011 Settlement Agreement[.]" *Id*. at 7.

Plaintiff acknowledges that the "captioned case stems from the resolution of a case that was previously pending in Alabama, to which InforMD was never a party" (doc. 10-1, at 9). This previous litigation involved allegations of business tort and is deemed the "2010 Alabama Litigation." While Plaintiff was not a named party in the 2010 Alabama Litigation, it was a "participant in a settlement agreement that preceded the dismissal of certain claims" in that litigation, i.e. the "2011 Settlement Agreement." *Id*. Plaintiff asserts that part of the reason it filed the action with this Court was in response to a demand letter that it received from DocRX's attorney on August 5, 2013. *Id*. The letter claimed that InforMD was in breach of the 2011 Settlement Agreement. *Id*. at 10. According to Plaintiff, Defendant claims that Plaintiff owes a

"percentage of its 'Compounding' business line," in accordance with the 2011 Settlement Agreement. *Id*. Therefore, Plaintiff sought, in part, a declaratory judgment, regarding the issue of owed Compounding business line. *Id*.

Plaintiff urges that DocRX's action of filing the 2014 Alabama Litigation exemplifies the Defendant repudiating the purported January 2014 Settlement agreement that led to the Voluntary Dismissal in the Court. *Id*. at 7. Plaintiff asks for relief from the Voluntary Dismissal of January 2014 based on Rule 60(b)(6) that gives the courts the power to relieve a party "from a final judgment, order, or proceeding…[for]…any other reason that justifies relief." Plaintiff supports its request for this relief by noting the existence of "[u]nusual, extraordinary, and compelling circumstances" (doc. 10-1, at 7). Namely, Plaintiff points to the 2014 Alabama Litigation, the fact that there is no mention in it of this captioned case and that the allegations contained in the Alabama Complaint are "mirror images of the issues addressed in the captioned case." *Id*. at 7, 13. Plaintiff urges that the risk of inconsistent results exists if the 2014 Alabama Litigation proceeds in light of this case being dismissed due to the January 2014 Settlement. *Id*. Plaintiff also urges that the 2014 Alabama Litigation functions as a direct breach of the January 2014 Settlement by Defendants. The purported 2014 January Settlement provided that parties would not pursue litigation regarding the claims in the captioned suit. *Id*. at 21. Nevertheless, DocRX has filed suit on the exact issues asserted in the captioned suit in, what Plaintiff has deemed, a "bad faith attempt to circumvent its obligations to InforMD under the January 2014 Settlement and to forum shop. *Id*.

## **ANALYSIS**

Rule 41 voluntary dismissal without prejudice, as was filed by Plaintiff on January 27, 2014, may be considered a "final proceeding" for purposes of Rule 60(b). *Id*. at 22, (citing *Yesh*

*Music v. Lakewood Church*, 727 F.3d 356, 360-61 (5th Cir. 2013)). Plaintiff first argues for relief under Rule 60(b)(6) because of "extraordinary circumstances" that would justify this Court vacating the voluntary dismissal. Plaintiff's argument for the extraordinary circumstances depends on this Court first finding that a settlement agreement was reached between the parties. Plaintiff urges that many circuit courts, including the Fifth Circuit, have held that, under Rule 60(b), "repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstances, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Assn.*, 937 F.2d 408, 410 (9th Cir. 1991); see also *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, No. 13-31306, 2014 WL 6480422 (5th Cir. Nov. 20, 2014).

A settlement, deemed a "compromise" under Louisiana law, shall be in writing according to Louisiana Civil Code article 3072. Emails and electronic documents can qualify as signed writings necessary to form a contract, namely a compromise (doc. 23, at 2 (citing *Preston Law Firm v. Mariner Health Care Management*, 622 F.3d 384 (5th Cir. October 1, 2010)). While the writing requirement does not require the agreement be contained in one document, one must be able to read multiple instruments in order to outline the obligations each party has. *Id*. Plaintiff points this Court's attention to a series of emails between both parties in January 2014 and asks this Court to find a settlement was reached between these writings. *See* Ex. D, doc. 10-6. As the case law notes, a compromise must also demonstrate two essential elements: "(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences" (doc. 23, at 2 (quoting *Preston*, 622 F.3d at 390)). Between the several emails back and forth, it is impossible for this Court to find that the parties were making reciprocal concessions about settling the underlying dispute regarding the 2011 Settlement,

4

specifically declining to pursue future litigation. Considering these general rules, and the email exchange put forth by Plaintiff from January 2014, this Court concludes that no compromise or settlement was actually reached between the parties.

Evidence from outside the bounds of the writings, here emails, would constitute parol evidence. Such evidence is, generally, not admitted to negate a writing. *See* La. C.C. art. 1848. There are exceptional circumstances when parol evidence may be considered to contradict writing; however, those circumstances are not supported in the motion and briefs. *Id*., cmt. (b). There being no reason to consider parol evidence, an evidentiary hearing and oral argument are not necessary. Therefore, this Court denies Plaintiff's Motion (doc. 14) for Evidentiary Hearing and Oral Argument.

Having found that no settlement exists, the Court considers Plaintiff's alternative arguments. Plaintiff, in anticipation of Defendants claiming that no settlement agreement was ever reached or that Plaintiff mistook the existence of such an agreement, urges that relief from the Rule 41 Voluntary Dismissal exists pursuant to Rule 60(b)(1) and Rule 60(b)(3) of the Federal Rules of Civil Procedure (doc. 10-1, at 8). Under Rule 60(b)(1), relief from a final proceeding may be granted when there has been "mistake, inadvertence, surprise, or excusable neglect." Plaintiff urges that, during settlement negotiations, Defendants led Plaintiff to believe a settlement had been reached (doc. 10-1, at 8).

This Court has found that the chain of emails from January 2014 do not constitute a settlement. However, the Plaintiff's Notice of Voluntary Dismissal based on a private resolution of the dispute, does suggest that Plaintiff mistakenly understood a settlement of the dispute did exist. Rule 60(b)(1) relief must be sought within one year from the entry of the Notice of Voluntary Dismissal. As a mistake is grounds for relief under Rule 60(b)(1) and one year since

the notice did not expire before the Rule 60 motion was filed, this Court GRANTS the Rule 60 Motion to Vacate (doc. 13) the Notice of Voluntary Dismissal (doc. 9). As the Rule 60 motion is granted based on Rule 60(b)(1), there is no reason for the Court to consider other alternative arguments for granting the motion as raised by Plaintiff.

## CONCLUSION

This Court has considered the writings making up the purported January 2014 Settlement. Based on these writings the Court finds no settlement was reached in January 2014. The Motion (doc. 14) requesting an Evidentiary Hearing and Oral Argument to contradict the writings is **DENIED**. Further, the Court found the Notice of Voluntary Dismissal was filed based on a mistaken belief by Plaintiff that a January 2014 Settlement was reached. Therefore, the Rule 60 Motion (doc. 13) to Vacate the Voluntary Dismissal is **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 16, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**