# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

INFORMD, LLC

CIVIL ACTION

VERSUS

NO: 13-533-JJB-SCR

DOCRX, AND BRIAN WARD

## RULING ON MOTION TO RECONSIDER

This matter is before the Court on Defendant's Motion (doc. 26) for Reconsideration. Defendant, DocRX, seeks reconsideration of this Court's ruling (doc. 24) granting Plaintiff's Motion (doc. 13) to Vacate the prior Notice of Voluntary Dismissal (doc. 24).

### STANDARD OF REVIEW

A court retains jurisdiction over all claims in a suit and may alter its earlier decision until a final judgment has been issued. Fed.R.Civ.P. 54 (b); *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2397768, at *1 (M.D. La. May 30, 2013). "The ultimate responsibility of the federal court, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La 1995).

### DISCUSSION

The Court's prior ruling (doc. 24) found that Plaintiff's Notice of Voluntary DismissalJune 23, 2015.(doc. 9) was filed on the mistaken belief by Plaintiff that a January 2014 Settlement had been reached. Despite ultimately finding that the essential elements of a

1

settlement were not satisfied, the Court granted Plaintiff's Rule 60(b) Motion to Vacate based on mistake. Defendant relies on *Wagster v. Gautreaux*, 2014 WL 46638 at *2 (M.D. La. Jan. 6, 2014), which provides three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Defendant seeks reconsideration based on two arguments: (1) no valid legal basis exists for the Court to grant the relief sought by Plaintiff in the Motion to Vacate and (2) Plaintiff's actions were voluntary, calculated and deliberate (doc. 26). Defendant argues that a party's own voluntary dismissal "may prevent a party from seeking relief on the ground of mistake or excusable neglect […] even when based on erroneous facts." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedural*, §2858 (3rd ed. 2012). Defendant further states that if "litigants are permitted to reopen a case and vacate a voluntarily judgment of dismissal because they misunderstand the law, then no dismissal will be safe from being set aside" (doc. 26). In opposing reconsideration, Plaintiff states that Defendant fails to present any new arguments but instead rehashes arguments already considered and rejected in the Court's original ruling (doc. 37).

## CONCLUSION

The Court does have the ultimate responsibility to reach the correct judgement under law. Having considered the arguments made by Defendant, this Court does not find clear error of law in its prior ruling. Accordingly, Defendant's Motion for (doc. 26) Reconsideration is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 22, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**