UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


INFORMD, LLC

VERSUS

DOCRX, INC. AND BRIAN WARD

CIVIL ACTION

NUMBER 13-533-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery Responses filed by DocRX, Inc. and Brian Ward. Record document number 72. The motion is opposed by plaintiff InforMD, LLC.[1]

Plaintiff filed suit against the defendants seeking damages and a declaratory judgment with regard to a Confidentiality, Non-Disclosure, Non-Competition and Non-Solicitation Agreement,[2] (the "Confidentiality Agreement") that arose out of the settlement and dismissal of an Alabama lawsuit filed by defendant DocRX.[3] Plaintiff alleged that defendants breached the Confidentiality

---

[1] Record document number 78. Defendants filed a reply memorandum. Record document number 83.

[2] Record document number 1-4, Exhibit 1. The Confidentiality Agreement incorporated a separate Settlement Agreement, *Id*. at 1, which is the focus of the defendants' counterclaim.

[3] Plaintiff alleged that it was not a named defendant in the Alabama lawsuit but participated in the agreements in order to achieve a settlement. Dox Consulting, LLC was a defendant in the Alabama suit, and its members filed for bankruptcy after the Alabama suit was filed. Several Dox Consulting members subsequently formed a new company, InforMD, LLC, which is the plaintiff in this case. Record document number 1, Complaint, ¶¶ 1, 25, 30-38.

Agreement by contacting and soliciting its agents. Plaintiff also alleged that on August 5, 2013, the defendants sent a demand letter informing the plaintiff that it had breached the Settlement Agreement, and pursuant to the Settlement Agreement owed the defendants a percentage of its gross profits related to certain business activities.[4] Defendants' August 5 demand letter asserted that the plaintiff owes: (1) 15 percent of the plaintiff's gross profit (as defined in the Settlement Agreement) based on the plaintiff's business of providing compound pharmacy services; and, (2) 25 percent of the plaintiff's gross profits related to drug testing services. Plaintiff alleged in the Complaint that the defendants have misinterpreted the Settlement Agreement, and it sought a declaration that it does not owe the defendants a percentage of its profits.[5] In addition to claims related to the Confidentiality Agreement, the plaintiff brought a claim against the defendants under the Louisiana Unfair Trade Practices Act, La.R.S. 51:1401, et seq.[6]

Defendants filed an answer and counterclaim and then an amended counterclaim.[7] By their counterclaim, the defendants

---

[4] Record document number 83, pp. 7-8, Exhibit A. The parties sometimes refer to the payments as "commissions."

[5] Complaint, ¶¶ 11, 30, 37-39, 47-51, 55, 60-61, 69-79.

[6] *Id.,* ¶ 82.

[7] Record document number 28, Defendants' Answer to Complaint,
(continued...)

essentially seek recovery of the profits percentages they claim the plaintiff owes under the terms of the Settlement Agreement, which the plaintiff alleges are not owed.[8]

This discovery dispute arose out of the plaintiff's responses to a request for production of documents that the defendants served on June 8, 2015. At issue are the plaintiff's responses to Requests for Production Nos. 12, 14, 15, 18, 20 and 23. As a whole, the requests essentially seek documents related to business activities and revenue generated/received by the plaintiff in connection with the plaintiff providing compound pharmacy and drug testing services from September 8, 2011 to the present. Plaintiff made several objections - vague, overly broad, irrelevant, and work product protection – and refused to provide any documents .[9]

In its opposition memorandum, the plaintiff relied on only one argument: the documents sought are not relevant. Plaintiff acknowledged that its Complaint seeks a declaration that it is not required to pay the defendants a percentage of its profits related to compound pharmacy services and that the defendants demanded payment of these commissions in their August 5, 2013 letter. However, the plaintiff argued that nowhere in the defendants'

---

[7](...continued)
Affirmative Defenses and Counterclaim; record document number 49, Defendants' Amended Counterclaim.

[8] Record document numbers 28 and 49.

[9] Record document number 72-3, Exhibit B.

3

counterclaim or amended counterclaim do the defendants expressly assert a claim seeking payment of a percentage of gross profits from compounding pharmacy services. In the alternative, the plaintiff requested that responses to these document requests be required only in the event the court determines that it is obligated under the Settlement Agreement to pay the defendants a percentage of gross profits from its compounding pharmacy services.

Essentially for the reasons explained by the defendants in their memoranda and exhibits, the documents they seek are relevant and must be produced. Plaintiff argued that the documents sought are not relevant because the defendants did not expressly mention compounding pharmacy services and drug testing services in their counterclaim. This argument is unpersuasive. It is apparent, from the other pleadings and supporting exhibits, that the plaintiff undoubtedly knows that the dispute over whether the commissions are owed relates to compounding pharmacy and drug testing services. Therefore, the documents requested by the defendants are relevant to the parties' claims in this suit and the plaintiff must produce them.

There is no basis to grant the plaintiff's alternative request that any responses to the discovery be due only after the court makes a determination that it is obligated to pay the commissions. Neither the Status Reports nor any scheduling order reflect any discussion or finding that discovery should be staged, such that

4

discovery related to the counterclaim is delayed or depends on the resolution of the plaintiff's claim.[10]

Finally, the plaintiff's conclusory and unsupported assertion about the confidential and proprietary nature of the documents sought is also not a basis to deny the motion or delay production of the responsive documents. In August 2015 a Stipulated Protective Order was issued.[11] In its opposition, the plaintiff argued that even with the protective order in place, it should not be required to produce the documents at this time given the "extreme confidential, competitive and proprietary nature" of the information in them. Plaintiff failed to provide a factual basis to support the claim that the responsive documents are confidential or proprietary. Plaintiff also did not explain how the Stipulated Protective Order is inadequate to protect any confidential and proprietary information.

Defendants sought an award of reasonable expenses incurred in connection with filing the motion. Under Rule 37(a)(5)(A), Fed.R.Civ.P., if the motion is granted, the court must, after giving the opportunity to be heard, require the party whose conduct necessitated the motion, the attorney advising the conduct or both,

---

[10] Record document numbers 30, 33 and 80.

[11] Record document numbers 70 and 71. The Stipulated Protective Order specifically contemplated "the exchange during discovery of documents ... and other evidence that constitutes confidential ... commercial information." Record document number 70, p. 1, introductory paragraph.

to pay the movant's reasonable expenses incurred in opposing the motion, including attorney's fees, unless the party's response or objection was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's objections were unsupported and its opposition to the motion was not substantially justified. The record does not reflect any circumstances that would make an award of expenses unjust. Defendants are entitled to reasonable expenses under Rule 37(a)(5)(A). Review of the defendants' motion and memoranda supports a finding that an award of expenses in the amount of $400 is reasonable.

Accordingly, the Motion to Compel Discovery Responses Filed by DocRX, Inc. and Brian Ward is granted. Within 14 days, the plaintiff shall produce all documents responsive to the defendants' Requests for Production Nos. 12, 14, 15, 18, 20 and 23.

Pursuant to Rule 37(a)(5)(A), within 14 days, the plaintiff shall pay to the defendants reasonable expenses in the amount of $400.

Baton Rouge, Louisiana, October 7, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE