UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

INFORMD, LLC

VERSUS

DOCRX, INC. AND BRIAN WARD

CIVIL ACTION

NO. 13-533-JBB-EWD

**RULING ON MOTION TO COMPEL DISCOVERY RESPONSES**

Before the Court is a Motion to Compel Discovery Responses filed by DocRX, Inc. ("DocRX") and Brian Ward (collectively, "Defendants").[1] The Motion is opposed by InforMD, LLC, IITIWI, LLC, Jesse Daigle, Rick Massengale, Scott Ray, and Mickey Guidry (the "InforMD Parties")[2] and Defendants have filed a reply.[3] Pursuant to this Court's request following an in-court status conference on April 1, 2016, the parties have submitted supplemental briefing on the sufficiency of the InforMD Parties' original responses.[4]

For the reasons set forth herein, Defendants' Motion to Compel[5] is DENIED IN PART AND GRANTED IN PART. With respect to specialty pharmacy services, InforMD is ORDERED to provide monthly financial reports similar to the monthly financial reports regarding compounding, drug testing, and dispensing it previously agreed to provide. Mickey Guidry, Jesse Daigle, Rick Massengale, and Scott Ray (the "individual counterclaim defendants")[6] are not required to further respond to Interrogatories Nos. 5 and 6. To the extent the individual counterclaim defendants have not produced documents as kept in the usual course of business or

---

[1] R. Doc. 89.

[2] R. Doc. 94.

[3] R. Doc. 140.

[4] *See*, R. Docs. 175 & 185.

[5] R. Doc. 89.

[6] The claims against counterclaim defendants Patin and Hebert were dismissed without prejudice on March 16, 2016. R. Doc. 151.

labeled documents produced to correspond to the categories requested as required by Fed. R. Civ. P. 34(b)(2)(E)(i), the individual counterclaim defendants are ORDERED to do so with regard to their responses to Requests for Production Nos. 1 through 5 within fourteen (14) days of the date of this Ruling.

## I.   Background

InforMD brought this breach of contract and declaratory judgment action against DocRX, Inc. and Brian Ward focusing on alleged breaches of a non-solicitation provision in a Confidentiality, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement (the "November 2011 Agreement")[7] and proper interpretation of provisions in the November 2011 Agreement that allegedly require InforMD to pay DocRX and Ward a certain percentage of gross profits on specified revenue.[8]  In response, Defendants filed a counterclaim against the InforMD Parties for their alleged failure to pay (or to underpay) the 15% and 25% payments "on certain relevant transactions" as provided for in the November 2011 Agreement and failing to share information that would allow DocRX to determine the validity of payments (if any) made each

---

[7] DocRX filed a lawsuit in Alabama on June 10, 2010 against Dox Consulting, LLC and its members, Mickey Guidry, Matthew Herfield, Josh Booty, Jesse Daigle, Scott Ray, Rick Massengale, Garrett Hebert, and Stacy Patin.  *DocRX, Inc. v. Dox Consulting, LLC et al.*, Case No. 10-cv-364, United States District Court, Southern District of Alabama.  Plaintiff alleges that Dox Consulting, LLC was subsequently dissolved and several of its members formed InforMD. R. Doc. 1, ¶ 32.  In addition to the Alabama lawsuit, IITWI, LLC filed suit against Brian Ward and DocRX, Inc. in Louisiana state court and that suit was subsequently removed to the Middle District.  *IITWI, LLC v. Brian Ward and DocRX, Inc.*, 10-cv-762, United States District Court, Middle District of Louisiana.  IITWI, LLC's members are alleged in that suit to be Mickey Guidry, Jesse Daigle, and Chris Lee.  The parties to the November 2011 Agreement are: (1) DocRx, Inc. and Brian Ward (collectively referred to as the "DocRX Parties") on one side; and (2) Dox Consulting, LLC, IITWT, LLC, InforMD, LLC, Mickey Guidry, Jesse Daigle, Richard Massengale, Christopher Lee, Scott Ray, Garrett Hebert, and Stacy Patin (collectively referred to as the "Dox Parties") on the other.

[8] The November 2011 Agreement states that the parties "entered into a Settlement Agreement dated September 8, 2011, on a *pro tanto* basis, a copy of which is attached hereto and incorporated herein by this reference."  R. Doc. 1-4, ¶ A.  The parties sometimes refer to the September 8, 2011 letter and the November 2011 Agreement, collectively, as the "Settlement Agreement."  For ease of reference – and without considering whether and to what extent both documents may or may not constitute the "Settlement Agreement," – the Court herein refers to the November 2011 Agreement and the September 8, 2011 letter generally as the "Settlement Documents."

month.[9] The November 2011 Agreement provides that the Dox Parties (including InforMD) shall not compete with any business engaged in by Defendants except for: (1) "Pre-Settlement Business"[10] for which the Dox Parties pay the 15% Payment to the DocRX Parties; and (2) "Post-Settlement Business"[11] for which the Dox Parties pay the 25% Payment to the DocRX Parties.[12]

## II.   Law and Analysis

### A.  Applicable Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure[13] allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Whether discovery is proportional depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R.

---

[9] R. Doc. 49 (Defendants' Amended Counterclaim).

[10] Pre-Settlement Business is defined as "any and all sales, services or other business from which the Dox Parties derived revenue (including, without limitation, the Dispensing Business) which has previously, is presently, or is in the future engaged in or offered by the DocRX Parties and which arises from, relates to or is in any way connected with the Dox Parties' use or possession of Pre-Settlement Information…."  R. Doc. 1-4, ¶ E.  Pre-Settlement Information is defined as "confidential information concerning the business and operations of the Dispensing Business and other businesses engaged in by the DocRX Parties" that was obtained by individual Dox Parties formerly employed by DocRX as sales representatives.  R. Doc. 1-4, ¶ C.

[11] Post-Settlement Business is defined as "any and all sales, services or other business from which the Dox Parties derive revenue on or after the date of the Settlement Agreement and which arises from, relates to or is in any way connected with the Dox Parties' use or possession of the Post-Settlement Information…."  R. Doc. 1-4, ¶ G.  Post-Settlement Information is defined as "information regarding the DocRX Parties' products, business concepts, ideas or other information relating to the DocRX Parties' current or prospective business or operations, including, without limitation, drug testing utilizing the MDScripts software platform…."  R. Doc. 1-4, ¶ F.

[12] R. Doc. 1-4, ¶ 3.

[13] Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015 to clarify the scope of discovery.  The 2015 amendments "restor[e] the proportionality calculation to Rule 26(b)(1)," but do not "change the existing responsibilities of the court and the parties to consider proportionality."  Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015).  "The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending."  *American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 FRD 39, 45 (N.D. Tex. 2015).  Given the restorative nature of the 2015 amendments, the Court finds that applying the amendments to the instant Motion is both just and practicable.

Civ. P. 26(b)(1).  Information may fall within this scope of discovery even if it is not admissible in evidence.  Fed. R. Civ. P. 26(b)(1).

### B. Defendants' Motion to Compel InforMD

With respect to InforMD, Defendants' discovery requests ask for: (1) the total amount of "gross profit" received by InforMD for compound pharmacy services from September 8, 2011 to present; (2) identification and information regarding all services or business lines that InforMD is or has been engaged between September 8, 2011 to present; and (3) the total amount of "gross profit" received by InforMD for each service or business line.[14]

In response to the Motion to Compel, the InforMD Parties assert that they have provided their discovery responses and therefore Defendants' motion is moot.[15]  InforMD and the individual counterclaim defendants also assert that at the time Defendants filed the motion to compel, they were already in possession of a number of the documents sought.[16]  Defendants counter that the responses provided "contain practically no information and no documents."[17]  During the in-court status conference on April 1, 2016,[18] the Court instructed the parties to submit additional briefing on the issue of the sufficiency of the responses.[19]  The Court has reviewed the requested supplemental briefing and is now ready to rule.[20]

With respect to InforMD, Defendants simply refer back to the three interrogatories originally at issue in their Motion to Compel.  Interrogatory No. 1 asks InforMD to state the total

---

[14] R. Doc. 89-1, p. 2.

[15] R. Doc. 94, p. 1.

[16] R. Doc. 94, p. 1.

[17] R. Doc. 140, p. 1.

[18] R. Doc. 170.

[19] R. Doc. 170, p. 5.

[20] *See*, R. Docs. 175 & 185.

4

amount of "gross profit" received by InforMD for compound pharmacy services. Defendants assert that a one-page financial statement entitled "Profit & Loss – Compound Medicine" is insufficient to respond to this request.[21] Interrogatories No. 2 and 3 ask InforMD to identify all services or business lines in which it has been engaged between September 8, 2011 and the present date and to state the total dollar amount of "gross profit" for those business lines.

During the April 1, 2016 conference, the parties discussed the sufficiency of InforMD's previous responses to requests for production which generally relate to financial information for compound pharmacy and drug testing services from September 8, 2011 to present. Defendants asserted that, while InforMD produced some 3,000 pages of "core" data, Defendants were not able to interpret certain columns contained in that production.[22] Defendants argued that in any event, they should be allowed to check the validity of the core data and stated they would be able to do so if InforMD produced monthly financial statements and corporate tax returns.[23] InforMD agreed to produce monthly financial statements from September 8, 2011 through present, as well as corporate tax returns within twenty (20) days of the April 1, 2016 conference.[24] The parties disagreed as to whether compound pharmacy, drug testing, dispensing, and specialty pharmacy services business lines are at issue in this case; however, InforMD agreed to provide monthly financial reports regarding compounding, drug testing, and dispensing.[25] In a ruling contemporaneous herewith, this Court has found that InforMD must also respond to discovery

---

[21] R. Doc. 175, pp. 2-3.

[22] R. Doc. 170, p. 3.

[23] R. Doc. 170, p. 3.

[24] R. Doc. 170, p. 3.

[25] R. Doc. 170, p. 6.

5

requests related to specialty pharmacy services.[26]  Based on the documents previously produced and InforMD's agreement to provide monthly financial reports and corporate tax returns, the Court finds that InforMD has sufficiently responded to Defendants' discovery requests with regard to compound pharmacy, drug testing, dispensing.[27]  However, with respect to specialty pharmacy services, InforMD is ordered to submit provide monthly financial reports similar to the monthly financial reports regarding compounding, drug testing, and dispensing it previously agreed to provide.  Accordingly, the Court DENIES IN PART AND GRANTS IN PART the Motion to Compel as it relates to requests directed to InforMD.

### C. Defendants' Motion to Compel Responses from Individual Counterclaim Defendants

With respect to the individual counterclaim defendants,[28] Defendants assert that answers to Interrogatories Nos. 5 & 6 and responses to Requests for Production Nos. 1 through 5 were deficient.

Interrogatory No. 5 asks the individual counterclaim defendants to explain the basis for their denial of Paragraph 7 of the Amended Counterclaim.  Paragraph 7 of the Amended Counterclaim alleges that "DocRX and Ward have performed their obligations under the Settlement Agreement."[29]  In response to that Interrogatory, the individual counterclaim

---

[26] In the event the district judge ultimately determines that the Settlement Documents do not encompass specialty pharmacy services, this information may well be rendered irrelevant.  However, the district court has not made such a ruling yet and this Court declines to prejudge that issue.

[27] To the extent Defendants seek financial information and documents showing revenues of "affiliated companies," the Court agrees with the InforMD Parties that the requests issued to InforMD are not so far reaching.  The requests are directed to InforMD "and any agents, owners, members, managers, employees, attorneys, lobbyists or any other person acting on behalf of InforMD, LLC."  R. Doc. 89-2, p. 3.  Based on these requests, the Court will not compel production of documents from "affiliated companies" as intimated in Defendants' supplemental briefing.  See, R. Doc. 175, p. 3 (arguing that amount shown on Profit & Loss page "does not include revenues of related companies….").

[28] The counterclaims against Patin and Hebert were dismissed without prejudice.  R. Doc. 151.  Accordingly, at this juncture, the discovery requests at issue in this Motion to Compel are no longer appropriately directed at Patin and Hebert.

[29] R. Doc. 49.

defendants objected on the basis of attorney client and work product privileges and generally referenced the deposition of Defendant, Mr. Brian Ward.  Defendants assert that "[t]his response is vague and unresponsive."[30]  The Court disagrees.  To the extent this Interrogatory asks for attorney client or work product, the individual counterclaim defendants' objections are well founded.  To the extent the individual counterclaim defendants (and their counsel) will rely the deposition testimony of Mr. Ward when arguing that DocRX and Ward did not perform their obligations under the Settlement Documents, Defendants have provided no basis for their position that the individual counterclaim defendants are required to cite specific portions of that testimony.

Interrogatory No. 6 asks the individual counterclaim defendants to explain the basis of their affirmative defense that certain provisions of the Settlement Agreement are void under applicable state and federal law as contrary to public policy.  The individual counterclaim defendants objected to this Interrogatory on the basis that it seeks a legal conclusion and calls for information protected by the attorney client privilege.  Pursuant to Fed. R. Civ. P. 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…."  While the rule expressly recognizes and permits the use of contention interrogatories, "interrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case." Fed. R. Civ. P. 33(b), 1970 Advisory Committee Notes.  Here, the interrogatory seeks an opinion regarding the application of facts to the law and therefore would be "useful in narrowing and sharpening the issues, which is a major purpose of discovery."  *Id*.  Accordingly, to the extent the interrogatory requests information not protected by the attorney client privilege, it is not objectionable based solely on the fact that it seeks a legal conclusion.  *See*, *United States v. State*, 2015 WL 9165910, at *4 (M.D. La. Dec. 16, 2015) ("An interrogatory may

---

[30] R. Doc. 175.

7

reasonably ask for the material or principal facts which support a contention.") However, "[i]f the responding party can demonstrate that the information is available from another source, there is some authority which supports relieving the responding party from answering the contention interrogatories." *Standard Services Co., Inc. v. Witex USA, Inc.*, 2003 WL 1873087, at *1 (E.D. La. April 10, 2003) (explaining that because party's deposition had been taken, "no purpose would be served" by requiring response to the contention interrogatories). Here, the Court notes that dispositive motions on enforceability and interpretation of the Settlement Documents are pending and set forth in detail the counterclaim defendants' legal conclusions that certain provisions of the Settlement Agreement are void under applicable state and federal law as contrary to public policy.[31]

Requests for Production Nos. 1 through 5 ask the individual counterclaim defendants to produce any and all documents that support their denial of certain paragraphs of Defendants' Amended Counterclaim or the counterclaim defendants' affirmative defenses thereto. In response to these requests, the individual counterclaim defendants asserted that "all such non-privileged documents have previously been produced." Defendants complain that "[t]his response is so broad and vague that DocRX and Ward have no idea which specific documents the Defendants in Counterclaim are relying on to support their affirmative defenses."[32] Defendants recognize that the Federal Rules of Civil Procedure require a party to "produce documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in the request.[33] However, they do not go so far as to assert that the produced documents were not produced "in the usual course of business." Instead, Defendants merely conclude that "[a] general

---

[31] *See*, R. Docs. 104, 160, & 162.

[32] R. Doc. 175.

[33] R. Doc. 175, p. 6.

reference to all previously produced documents, without identifying what documents are responsive to each request, is not a sufficient response."[34]  Under Fed. R. Civ. P. 34(b)(2)(E)(i), the individual counterclaim defendants are required to either produce documents as they are kept in the usual course of business or to label the documents produced to correspond to the to the categories in the request.  It is not clear to the Court that the individual counterclaim defendants have complied with this rule.  Accordingly, to the extent the individual counterclaim defendants have not produced documents as kept in the usual course of business or labeled documents produced to correspond to the categories requested as required by Fed. R. Civ. P. 34(b)(2)(E)(i), the individual counterclaim defendants are ORDERED to do so with regard to their responses to Requests for Production Nos. 1 through 5 within fourteen (14) days of the date of this Ruling.

Considering the specific discovery requests at issue, the individual counterclaim defendants' previous responses, and the current procedural posture of this matter, the Court DENIES IN PART Defendants' Motion to Compel as it relates to requests directed to the individual counterclaim defendants.  The individual counterclaim defendants are not required to further respond to Interrogatories Nos. 5 and 6.  To the extent the individual counterclaim defendants have not produced documents as kept in the usual course of business or labeled documents produced to correspond to the categories requested as required by Fed. R. Civ. P. 34(b)(2)(E)(i), the individual counterclaim defendants are ORDERED to do so with regard to their responses to Requests for Production Nos. 1 through 5 within fourteen (14) days of the date of this Ruling.

---

[34] R. Doc. 175, p. 6.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion to Compel[35] is DENIED IN PART AND GRANTED IN PART. With respect to specialty pharmacy services, InforMD is ORDERED to provide monthly financial reports similar to the monthly financial reports regarding compounding, drug testing, and dispensing it previously agreed to provide. The individual counterclaim defendants are not required to further respond to Interrogatories Nos. 5 and 6. To the extent the individual counterclaim defendants have not produced documents as kept in the usual course of business or labeled documents produced to correspond to the categories requested as required by Fed. R. Civ. P. 34(b)(2)(E)(i), the individual counterclaim defendants are ORDERED to do so with regard to their responses to Requests for Production Nos. 1 through 5 within fourteen (14) days of the date of this Ruling.

Signed in Baton Rouge, Louisiana, on May 3, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] R. Doc. 89.