UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

INFORMD, LLC

VERSUS

DOCRX, INC., ET AL.

CIVIL ACTION

NO. 13-533-JJB-EWD

## Ruling

This matter is before the Court on several Motions for Summary Judgment (Docs. 101, 104, 160, 162, & 169). Oral argument is unnecessary.[1] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated below, the Plaintiffs' Motion for Partial Summary Judgment (Doc. 160) is **GRANTED in part and DENIED in part**, and all other motions (Docs. 101, 104, 162, & 169) are **DENIED**.[2]

**I.   BACKGROUND**

InforMD brought this breach of contract and declaratory judgment action against DocRX, Inc. and Brian Ward focusing on alleged breaches of a non-solicitation provision in a Confidentiality, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement (the "Settlement Agreement")[3] and proper interpretation of provisions in the 2011 Settlement that allegedly require InforMD to pay DocRX and Ward a certain percentage of gross profits on

---

[1] The parties also filed a Motion for Oral Argument (Doc. 110), which is **DENIED**.
[2] Reply briefs in connection with Docs. 160, 162, & 169 need not be filed.
[3] DocRX filed a lawsuit in Alabama on June 10, 2010 against Dox Consulting, LLC and its members, Mickey Guidry, Matthew Herfield, Josh Booty, Jesse Daigle, Scott Ray, Rick Massengale, Garrett Hebert, and Stacy Patin. *DocRX, Inc. v. Dox Consulting, LLC et al.*, Case No. 10-cv-364, United States District Court, Southern District of Alabama. Plaintiff alleges that Dox Consulting, LLC was subsequently dissolved and several of its members formed InforMD. R. Doc. 1, ¶ 32. In addition to the Alabama lawsuit, IITWI, LLC filed suit against Brian Ward and DocRX, Inc. in Louisiana state court and that suit was subsequently removed to the Middle District. *IITWI, LLC v. Brian Ward and DocRX, Inc.*, 10-cv-762, United States District Court, Middle District of Louisiana. IITWI, LLC's members are alleged in that suit to be Mickey Guidry, Jesse Daigle, and Chris Lee. The parties to the Settlement Agreement are: (1) DocRX, Inc. and Brian Ward (collectively referred to as the "DocRX Parties") on one side; and (2) Dox Consulting, LLC, IITWT, LLC, InforMD, LLC, Mickey Guidry, Jesse Daigle, Richard Massengale, Christopher Lee, Scott Ray, Garrett Hebert, and Stacy Patin (collectively referred to as the "Dox Parties") on the other.

1

specified revenue.[4] In response, Defendants filed a counterclaim against the InforMD Parties for their alleged failure to pay (or to underpay) the 15% and 25% payments "on certain relevant transactions" as provided for in the November 2011 Agreement and failing to share information that would allow DocRX to determine the validity of payments (if any) made each month. The November 2011 Agreement provides that the Dox Parties (including InforMD) shall not compete with any business engaged in by Defendants except for: (1) "Pre-Settlement Business"[5] for which the Dox Parties pay the 15% Payment to the DocRX Parties; and (2) "Post-Settlement Business"[6] for which the Dox Parties pay the 25% Payment to the DocRX Parties.

II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the

---

[4] The Settlement Agreement states that the parties "entered into a Settlement Agreement dated September 8, 2011, on a *pro tanto* basis, a copy of which is attached hereto and incorporated herein by this reference." *Confidentiality, Non-Disclosure, Non-Competition and Non-Solicitation Agreement* ¶ A, Doc. 1-4. The parties sometimes refer to the September 8, 2011 letter and the November 2011 Agreement, collectively, as the "Settlement Agreement." For ease of reference – and without considering whether and to what extent both documents may or may not constitute the "Settlement Agreement," – the Court herein refers to the November 2011 Agreement and the September 8, 2011 letter generally as the "Settlement Documents."

[5] Pre-Settlement Business is defined as "any and all sales, services or other business from which the Dox Parties derived revenue (including, without limitation, the Dispensing Business) which has previously, is presently, or is in the future engaged in or offered by the DocRX Parties and which arises from, relates to or is in any way connected with the Dox Parties' use or possession of Pre-Settlement Information…." *Id.* at ¶ E.

[6] Post-Settlement Business is defined as "any and all sales, services or other business from which the Dox Parties derive revenue on or after the date of the Settlement Agreement and which arises from, relates to or is in any way connected with the Dox Parties' use or possession of the Post-Settlement Information…." *Id.* at ¶ G. Post-Settlement Information is defined as "information regarding the DocRX Parties' products, business concepts, ideas or other information relating to the DocRX Parties' current or prospective business or operations, including, without limitation, drug testing utilizing the MDScripts software platform…." *Id.* at ¶ F.

evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III. DISCUSSION**

The parties filed numerous motions for summary judgment. The salient issue is the interpretation of the Settlement Agreement. Therefore, the Court will first address the Plaintiffs' Motion for Partial Summary Judgment (Doc. 160) before addressing the others, as those other motions are dependent upon the interpretation of the Settlement Agreement.

**A. Plaintiffs' Motion for Partial Summary Judgment Regarding Contract Interpretation (Doc. 162)**

The plaintiffs move for summary judgment on two aspects: (1) the interpretation and enforceability of the Settlement Agreement, and (2) a determination that InforMD's compounding

line of business did not arise from or relate to the Dox Parties' use or possession of Pre-Settlement Information.

The dispute centers around the extent to which DocRX is entitled to payments from InforMD stemming from InforMD's various lines of business. The parties have directed the Court to the following provision as the basis for their dispute:

> [T]he Dox Parties agreed: (1) to pay to the DocRx Parties fifteen percent (15%) of the Dox Parties' 'gross profit' (as defined in the [September 2011 Letter Agreement]) (the "**15% Payment**") on any and all sales, services or other business from which the Dox Parties derive revenue (including, without limitation, the Dispensing Business) which previously, is presently, or is in the future engaged in or offered by the DocRX Parties and which arises from, relates to or is in any way connected with the Dox Parties' use or possession of the Pre-Settlement Information [defined as "confidential information concerning the business and operations of the Dispensing Business and other businesses engaged in by the DocRX Parties that is "obtained" by the Dox Parties in their "capacity" as "sales representatives for the Dispensing Business"], except for revenue to be derived by the Dox Parties from sales or services to [PSS/DSI] (the "**Pre-Settlement Business**").

*Confidentiality, Non-Disclosure, Non-Competition and Non-Solicitation Agreement* ¶ E, Doc. Doc. 1-4. According to InforMD, the Settlement Agreement requires a 15% royalty only on business that is (1) previously, presently, or in the future engaged in or offered by the DocRX Parties, but only if such business (2) arises from, relates to or is in any way connected with the Dox Parties' (i) "use or possession" of (ii) "confidential" information concerning DocRX's "Dispensing Business and other businesses" that the Dox Parties (iii) "obtained" in their capacities "as sales representatives for [DocRX's] Dispensing Business." *Pls.' Supp. Mem.* 12–13, Doc. 162-2. In its Opposition (Doc. 206), DocRX concedes that the royalty payments are only owed if the Dox Parties enter into a line of business using confidential information provided by DocRX to InforMD. The Court finds that the language of the Settlement Agreement is clear and unambiguous, and in light of the parties' agreement as the interpretation the contract, the Plaintiffs'

4

Motion for Partial Summary Judgment (Doc. 162) is **GRANTED** on the issue of contract interpretation.

As to the second issue in the motion—whether the compounding business line was entered into using Pre-Settlement Information—there exists genuine issues of material fact. *See Defs.' Opp'n*, 5–10, Doc. 206. Therefore, the motion (Doc. 162) is **DENIED** as to the issue of whether the compounding line of business did or did not arise from or relate to the Dox Parties' use or possession of Pre-Settlement Information.

### B. Plaintiffs' Rule 56 Motion for Partial Summary Judgment Regarding Unenforceability of Contractual Counterclaim (Doc. 104)

In this motion, the plaintiffs argue that the Settlement Agreement, as was previously interpreted by DocRX, constitutes an impermissible restraint on trade under Alabama law. *See generally Supp. Mem.*, Doc. 104-1. The plaintiffs' arguments arise from a letter DocRX sent to InforMD, wherein DocRX argued that it was entitled to collect 15% on InforMD's gross profit on any business line in which InforMD is competing, with the only condition precedent to the royalty payments being that DocRX would have to engage in or offer that same business line. *See Pls.' Supp. Mem.*, Doc. 104-1 (discussing *Letter from Richard M. Gall, Counsel for DocRX, to Johnny Nix, Counsel for InforMD* (August 5, 2013), Doc. 162-8)). As discussed above, DocRX has conceded that the royalty payments require the use of confidential information provided by DocRX to InforMD. Because the motion was premised on the Court upholding DocRX's previous interpretation, which it now concedes is incorrect, the Court need not address whether DocRX's broader interpretation constitutes an impermissible restraint on trade under Alabama law. Therefore, the Plaintiffs' Motion for Partial Summary Judgment (Doc. 104), is **DENIED**.

### C. Defendants' Motion for Partial Summary Judgment (Doc. 101)

In this motion, DocRX seeks a ruling declaring that the Settlement Agreement is a valid and binding compromise, and that all provisions are enforceable. The defendants' arguments are premised on the idea that the plaintiffs have judicially admitted the Settlement was valid, and also that equitable estoppel should prevent the plaintiffs from contesting the validity of all of the Settlement Agreement's provisions. Under the circumstances presented in this case, the Court finds that there has been neither a judicial admission nor that equitable estoppel bars the plaintiffs from challenging the enforceability of the individual provisions of the Settlement Agreement. Therefore, the defendants' Motion for Partial Summary Judgment (Doc. 101) is **DENIED**.

### D. Plaintiffs' Motion for Partial Summary Judgment Regarding the Mutual Non-Solicitation Provision (Doc. 160)

In this motion, InforMD seeks a determination that because InforMD entered into the mail-order compound pharmacy business line in advance of DocRX, DocRX was wholly precluded from entering into that business line absent a written consent by InforMD. *See Pls.' Supp. Mem.* 9, Doc. 160-2. Meanwhile, DocRX argues that the non-solicitation provision only prohibits soliciting the business from soliciting each other's customers, rather than prohibiting any competition whatsoever. *Defs.' Opp'n* 6, Doc. 211. The applicable non-solicitation provision at the center of this dispute provides as follows:

> 4. <u>Mutual Non-Solicitation</u>. The DocRX Parties and the Dox Parties agree that each of them shall not in any manner, directly or indirectly, whether individually or as an owner, partner, stockholder, member, joint venture, officer, director, employee, or in any other similar capacity whatsoever, for themselves or any other person or entity:
>
> (a) Contact, solicit, approach, divert, interfere with, or take away, or make any attempt to contact, solicit, approach, divert, interfere with, or take away the business, trade or patronage of any of the other Parties' clients, customers or suppliers or potential or prospective clients, customers or suppliers with respect to

any business engaged in by such other Parties or for any competing business purpose.

(b) Solicit, recruit, induce or attempt to induce any employee, agent, or independent contractor of any of the other Parties to terminate or otherwise cease his or her employment or relationship with any of such other Parties, or otherwise interfere in any manner with the employment or contractual relationship between any of such other Parties and any employee, agent or independent contractor of any of such other Parties.

Notwithstanding the preceding provisions of this Section, the Parties may agree to permit any solicitation otherwise prohibited under this Section if such solicitation is specifically agreed to a written document signed by the Parties, and both Parties have provided such signed written document to their respective attorneys at least five (5) days prior to such solicitation.

The Court finds this non-solicitation provision is clear and unambiguous, and agrees with DocRX that the it does not totally restrict competition in the same business line, but rather prohibits solicitation another party's clients, customers, or suppliers absent written consent. Therefore, although InforMD allegedly entered into the mail-order compound pharmacy business line in advance of DocRX, that does not mean DocRX was entirely precluded from entering into that business line. Accordingly, InforMD's Motion for Partial Summary Judgment (Doc. 160) is **DENIED**.

E. **Plaintiffs' Motion for Partial Summary Judgment Regarding Their Personal Liability (Doc. 169)**

The Individual Counterclaim Defendants[7] filed this Motion for Partial Summary Judgment (Doc. 169) seeking dismissal of the counterclaims lodged by DocRX against them. *See Pls.' Supp. Mem.* 4–5, Doc. 169-1. "The general thrust of this motion is that the Individual Counterclaim Defendants have not made any money (i.e. have not obtained any "gross profit" as defined in the settlement agreements) individually such that DocRX and Ward can successfully prove up a claim

---

[7] Mickey Guidry, Jesse Daigle, Scott Ray, and Richard Massengale.

against them." *Id.* at 5. In its Opposition (Doc. 214), DocRX asserts that certain entities were formed in an attempt to "hide the true arrangement," which allowed the Individual Counterclaim Defendants to earn substantial revenue. *See Defs.' Opp'n* 11, Doc. 214. Therein lies a fact question for the jury, and therefore the Motion for Partial Summary Judgment (Doc. 169) is **DENIED**.

**IV. CONCLUSION**

For the reasons stated above, the Plaintiffs' Motion for Partial Summary Judgment (Doc. 160) is **GRANTED in part and DENIED in part**, and all other motions for summary judgment (Docs. 101, 104, 162, & 169) and the Motion for Oral Argument (Doc. 110) are **DENIED**.

A cursory look at the docket in this case reveals that this litigation has become quite contentious. The Court reminds the parties that despite the differences between one another, when any motion is filed they certify to the Court that the motion is not being brought for any improper purpose, such as to harass or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). The Court expects the parties to act accordingly going forward.

Signed in Baton Rouge, Louisiana, on May 19, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**